## MAGUIRE *v.* EAMES.

(*Circuit Court, E. D. New York.* September 28, 1880.)

1. LETTERS PATENT—HYDRAULIC POWER ACCUMULATOR—PATENT BROADER THAN IMPROVEMENT.

Patent No. 202,660, granted for an improvement in hydraulic power accumulators, is void, because broader than the improvement.

*James Ridgway,* for plaintiff.

*W. H. McDougal,* for defendant.

BENEDICT, D. J. This action is brought to recover damages and for an injunction to prevent an infringement by the defendant of a patent for an improvement in hydraulic power accumulators, granted to the plaintiff April 23, 1878, and numbered 202,660. Hydraulic accumu-

lators composed of a barrel, a piston loaded with weights, and pipes connecting the barrel with a pump and the cylinder of a hydraulic press, were employed for the purpose of facilitating the use of hydraulic power prior to the plaintiff's invention.

The plaintiff has presented evidence by which he has endeavored to show that he is the inventor of an improvement upon the existing accumulators; such improvement consisting in a change in the location of the weights from above the piston to below it, so that the piston is pulled down by weights attached below, instead of being pushed down by weights placed above. It is not pretended that the plaintiff was the first to devise and employ accumulators in connection with hydraulic power. His invention, according to his own testimony, consists in introducing into the accumulators then in use a new feature, namely, applying power to the piston of the accumulator from below instead of from above.

If it be assumed that this modification of the machine was original with the plaintiff, and if it be also assumed that the change in the location of the weights from above the piston to below it was more than a mere mechanical change, still the plaintiff cannot recover in this action, because it is impossible to uphold the patent upon which he sues. The only exclusive right that the plaintiff was entitled to secure by patent was the right to his improvement. But his patent is not so limited. There is no language in the patent capable of conveying the idea that the invention consists of an improvement upon an existing machine, and is limited to the use of the rights of such a machine in a particular way. Thus, the claim is as follows:

"I claim as my invention the power accumulator and regulator herein described, composed of the barrel, C, piston, D, rod, a, weight, c, and pipes, d, f, for connecting the barrel with a pump and hydraulic cylinder, the whole combined and arranged for and substantially as herein set forth.

Here is nothing to indicate that the plaintiff's invention is confined to the method of using the weights, and there is no attempt whatever to distinguish the new part from the old. He claims the entire machine.

The specification conforms to the claim. After pointing out a difficulty found to exist in employing a hydraulic press for pressing hats, the specification states that the object of this invention is to obviate this difficulty, and consists of a novel mechanism to be interposed between the pump and the hydraulic cylinder. A drawing is there referred to as "a drawing of the mechanism embraced in my invention, and a description of it is given in the specification." This

drawing and description are a drawing and description of the existing accumulators employed to obviate a difficulty similar in all respects to the difficulty pointed out in the early part of the specification. It is true that in the drawing and the description the weights are placed below instead of above the piston, but nothing is said to indicate that any part of the machine is old, or that the invention of the patentee relates to the locality of the weights. There is an entire absence of language from the claim, specification, and drawing from which it can be gathered that the invention sought to be secured relates to any particular part of the machine described. The patent, therefore, if valid at all, would secure the whole mechanism in it, and would exclude the public from the right to use a form of accumulator admitted to have been in common use prior to the date of the alleged invention. Such a patent cannot be upheld.

The bill is therefore dismissed, with costs.